May it please the Court, I'm Ginevra Alberti, representing the petitioner Jorge Bueno-Muela, who entered the United States in 2005 legally. He married a U.S. citizen, they had children together, and he subsequently became a permanent resident based on his marriage in 2012. In 2015, Mr. Bueno was convicted in Missouri of possession of a controlled substance under what was then Missouri Revised Statute 195.202, specifically Subsection 2, which was the felony subsection. And the elements under that subsection of the statute are only, one, possession of a controlled substance, two, knowing of its presence and its illegal nature. In Missouri, state courts of appeals have held that over and over again, including cases that were cited by the government, including State v. McLeod. The board and the immigration judge below decided that they could nevertheless look at the underlying controlled substance at issue and determine whether a person was removable because, by looking at that individual substance. However, those decisions were incorrect for at least three main reasons. First of all, because the state case law dealing with this statute finds the opposite, as well as circuit court case law finding the opposite with very similarly structured statutes and Supreme Court case law. Secondly, the structure of the statute itself here is indivisible on its face. And finally, if we ever get to looking at the jury instructions, the jury instructions actually support this finding as well. And for that reason, a reviewing court cannot look at the underlying substance to determine whether somebody is removable. And here, the lowest common denominator would be for possession of salvia, which is not a federally regulated drug. Therefore, Mr. Bueno was not deportable and should not have been ordered deported. Specifically, so the case law of this circuit has already decided this. I know that Hedberd and Bowman and McPhee were not dealing with drug statutes, but they were dealing with a statute that was on its face almost exactly the same as the one here, where they had a statute of conviction and a term that was defined or that was included in the statute of conviction, defined separately in a different part of the state's code. And this court found in each of those cases that it provided strong textual support for the notion that those definitions of each of each phrase, I guess, or each element would constitute factual means, not separate elements of committing the crime. So in Hedberd, the term dangerous weapon, it was defined in a different part of the Minnesota code, and that was a very, very strong indicator that that list of potential underlying weapons was meant to be factual means, not elements of the crime. It is the same thing here. The statute here says nothing about what drugs are or are not controlled substances. It just says controlled substance full stop. The state courts have spoken to this issue also in State v. Bell and State v. Lemons. They both said specifically that this statute, 195.202 in Bell and 195.211, which was the possession with intent to distribute statute, in both cases they said this statute does not differentiate between different substances. It simply regulates possession of a controlled substance. Whatever the underlying substance was, it does not matter, as long as the prosecution proved that they had something in their possession that met the definition of controlled substance. And the definition of controlled substance is a whole list of hundreds of different possible substances, combinations of substances, and they are found in a completely different section of the Missouri Code. What about the language in State v. Harris? In State v. Harris, Your Honor, so that is a different issue. That is talking about units of prosecution, which is not the same thing as elements. That is how State v. Harris explains how the Missouri State of Missouri is able to prosecute people under multiple counts for possessing multiple different drugs at the same time, and how they can do that without violating double jeopardy. And so we wouldn't even be discussing double jeopardy if each was a controlled substance, not the underlying drug itself. And the way to get around double jeopardy problems is by the State legislature indicating that each substance should be a unit of prosecution, meaning they want the State to be able to prosecute people and punish them cumulatively for multiple different substances, even though they constitute multiple convictions under the same set of elements. Why would they say each one is a separate and distinct offense? Your Honor, I If it were what you're saying, you could say this is all one offense, but we're offering multiple punishments. That may be. I don't know that the language was maybe the best, maybe it wasn't the best choice of language. But if you look at State v. Nichols, for example, which is cited by Harris, that dealt with, I think, carrying a concealed weapon. The defendant there, Nichols, was convicted of four counts of possession or carrying a concealed weapon. Each of those four counts was based on a knife, four separate knives. A knife is a knife is a knife is a knife. It's the same set of elements four times. And yet they were able to convict him specifically because the legislature put that word A into the statute to suggest that this person, someone who is caught with multiple of these, multiple knives, multiple stars, whatever they would be, can still be prosecuted multiple times because it's a single unit of prosecution. And we don't want it to be a double jeopardy problem because we want them to be able to be punished cumulatively. And Harris cites directly to Nichols. And again, I would also note that the Department of Justice raised the Harris issue for the first time on appeal. So it's not even properly before this court. But regardless, it does not, it doesn't matter. It's a separate issue. It's talking about how to avoid double jeopardy. Why is it not properly before the court? We're just trying to figure out whether Missouri law makes this an element or a means. Why can't we look at Harris? I'm not saying the court can't look at it, but the department didn't raise it until it got to the Eighth Circuit. It was never raised in front of the immigration judge. This idea of single units of prosecution was never raised before the immigration judge. It was never raised before the immigration, the Board of Immigration Appeals. And generally the U.S. Supreme Court says that, you know, courts can't pass on an issue that was not raised initially in the cases below. But regardless, either way, it doesn't, it doesn't change the analysis in this case because the single units of prosecution is simply a way of getting around double jeopardy, even when you're charging someone multiple times under the same exact elements. And in addition, the jury instructions here, I'd like to point out again the fact that the word insert controlled substance, insert name of controlled substance is in parentheses and brackets. And according to the instructions for how to use jury instructions, the directions, something that's in parentheses is something that can either be left in or taken out depending on the facts of the case. Something that's an element, it would be reasonable to say, could not be removed from the jury instructions. And yet the fact that that's in parentheses means that that name can be taken out if need be, depending on the facts of the case. So it's not, it's not an element, but what is not in parentheses in the instructions is defendant possessed, a controlled substance. And jurors are finders of fact. So of course they have to be given the underlying factual basis in order for them to be able to make the decision that a statute has been violated, that the elements of a statute have been violated. And so that's part of the reason that these, the name of the, of the drug is suggested that it be included in the instructions before it's given to the jury, because it provides them a roadmap to say, you know, you, you insert the word salvia and then it says comma a controlled substance. So that indicates to the jury, okay, if the, if the prosecutors proved X, Y, and Z, I can conclude a controlled substance was proved. But that's the element. The underlying facts are not elements. They are simply the brute facts as the Supreme Court would call them that, that someone undertakes in, in, in it's the facts, it's what they do in order to actually commit the crime, but it doesn't represent the elements themselves. And I think if I, unless there are other questions right now, I'd like to reserve the rest of my time. Thank you. Good morning, Your Honor. I'm not sure about that, but let's, let's see and find, let's find out. Well, Your Honors, the government's position here is pretty clear. If we look at the authoritative sources of the state statute, which is the Missouri statute, besides the statutory language, the Supreme Court wants us to look at the state cases, which is Harris. You know, it's very clear that Harris was written way much more broadly than just a double jeopardy case. I mean, it's, the specific issue, yes, was double jeopardy with multiplicity of the charges, but the, the actual holding of the case, you know, if I may read it to Your Honors, you know, it specifically says that, for these reasons we hold that the General Assembly intended to make the possession with intent to distribute of any one of the, of the different controlled substances listed in Schedules 1 through 5 a separate and distinct offense under 195-211, the distribution statute. That's, that's pretty convincing, Your Honors. If we take a look at the other state statutes, which do require that the court, in order to determine what does the jury have to find beyond a reasonable doubt, that is, whether it's a means or an element, that's what we really look at. As a, as a judge, when you give instructions, you know, you have to tell the jury this is what you have to find in order to find the defendant guilty. And the elements here are that he had to have possession of a controlled substance. Well, the state cases specifically say that in order to have possession of something, of the controlled substance, the defendant must know the, the nature of what he is possessing. That is, he can't just possess something that is a, a controlled substance. He has to have knowledge of the nature of what he's actually possessing. That is, it's not cocaine, it's marijuana. And the, and that makes plenty of sense. What case does that answer? What jury case says that? Basically, I'm looking at the logic of it, Your Honor. Not, not Missouri. I'm talking about the general proposition of Missouri cases. And, and here I'm talking about Wright, Johnson, McLeod, you know, specifically all saying, these are all cited in our, in our brief, that in order to convict under this statute, you have to have knowledge of, of the nature, the presence and nature of that substance, that controlled substance. Not just any. The guy goes and buys some, Oregano. drug dealer and he buys some, he knows it's a illegal transaction, it's secretive and perverted. He says, I don't want to get high, I'm going to use some white powder or whatever. The state has to prove that the guy knew it was cocaine without that condemnation? Yes, Your Honor. He had, they have to, the, the, the, the defense could say, well, the substance that he knew which kind of drug he was getting and he came to quit all that way? Absolutely, Your Honor. I mean, you, you have to show. He knew it was an illegal substance, he just didn't know which one. I would submit, Your Honor, yes. Because at this point, you have to say, did he know what he had was the actual substance that he, that he thought he was buying or, or possessing? And not a substitute substance that he wasn't even aware of. Methamphetamine. He thought he was, you know, getting cocaine. You know, and there are cases, you know, which deal with. The Missouri Attorney General, do they share that view? I don't know if they share that view. That's just my position, Your Honor. Because that's my reading of. If you say that, I guess it wouldn't apply in Missouri court. No. But that's my reading of the state cases. Well, my reading of the state cases is they require conscious and intentional possession in knowing the presence and nature of the substance, the controlled substance. Well, how logically would you not read it that way? If you think you, you have oregano, but it turns out that, you know, you have marijuana, well, if I thought I had oregano, how am I going to get convicted of marijuana if I did not know the presence and nature of the substance? You're talking about oregano wanting to get high, right? You would sell oregano for a man. I don't know why anybody would want to get high from oregano, but I'm just saying, hypothetically, if we have a situation where an individual is buying something that he thinks is completely different in its presence and nature than what he actually has, how can the jury convict him of it beyond a reasonable doubt? Under the state cases that say he has to have knowledge, a conscious and intentional knowledge of the presence and nature of the substance, of the controlled substance. I think you're reading presence and nature of the controlled substance a little differently. If he went in thinking that he's going to get cocaine and he gets mad, and it's going to be an issue of trial because he would say, I did not know that that was there. I mean, he could raise that as a defense completely. But we also have to look at, as counsel pointed out, the jury instructions here. And the jury instructions specifically say, they direct, in brackets and parentheses, that the judge insert the specific substance that's being charged, the controlled substance. In this specific case, it was methamphetamine. So, you know, if the jury instructions specifically tell you that... Well, here we have an interesting situation. They're in brackets and parentheses. So, well, that's an interpretation of what the instructions actually say. And we would submit that because it's brackets and parentheses, it's mandatory. Because brackets are... Specifically, they must follow a bracket. It's an instruction under what the jury instructions say. They say, brackets, parentheses enclose words or phrases that will be either omitted or included, depending on the facts of the case being submitted. Brackets contain directions use or completion of the instruction. So, again, it's an interpretation of what that means. And we would submit that a judge reasonably interpreting that would have to put in what is actually being charged in the information, in the complaint. So those directions specifically tell them if the charge is cocaine, that's what has to be inserted, and not merely the And that's another thing. You know, the statute uses the word a controlled substance. And as we noted in our brief, the use of that term, that article a, and not just any, indicates, at least according to Missouri courts in Harris, that that means the assembly decided that that's going to be a specific drug, and not just any drug. And finally, you know, if the court is still unconvinced and has to do what Matthew suggested, that is, if there is no definitive source of information to whether it's means or elements, they should just take a peek at the charge sheet in this case, that is, the information, criminal information. The felony information specifically says he was being charged with methamphetamines. So, that little peek indicates that he was being charged, and it should say that that was an element of the offense. That's what the jury was told, you know, in the instructions. They had to find beyond a reasonable doubt. I don't want to rehash all the other things. I don't know how much spillover there is between arguments, but. All right. Subject to the court's questions. Thank you, Your Honor. If I may, Your Honor. Thank you. Just a few quick things. First of all, the Harris issue, there are no other cases addressing this single unit of prosecution issue that I've seen, except cases that are talking about double jeopardy. And State v. Nichols, again, the case that Harris cites to, specifically says the double jeopardy prohibition upon multiple punishments for the same offense is limited to preventing the sentencing court from inflicting greater punishment than the legislature intended. But if the legislature indicates, by using the word a controlled substance, that it wants cumulative punishments to be allowed, that is how they avoid double jeopardy. The second thing is, the nature, knowing the nature of what someone is possessing, as I think Judge Greiner mentioned, I think that's an incorrect interpretation of the statute, the way that the department skews it. It's, according to State v. McLeod, it is knows of its presence and illegal nature. And then it cites to the actual definition of the word possession, which says illegal nature of the substance in section 195.01032, I believe. And finally, taking a peek at the documents in the record, it doesn't just say methamphetamine. It says methamphetamine, comma, a controlled substance. And as State v. Harbin's, which was the Second Circuit case, noted, something that's contained in the charging document is not necessarily just an element. It may be there for reasons of notice, for due process reasons. And that's common. And that's, I'm out of time. So that's all, Your Honors. Thank you. Thank you, Your Honors. Case is submitted.